IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

NICHOLAS MCCRIGHT,

Plaintiff,

vs.

JENNIFER MCCRAE, Individual; NAOMI
GOMEZ, Individual; SARAH VENTURA
TRISTAN, Individual; JAIME MADSON,
Individual; MARIAH MCGRONE, Individual;
JACEY STEPHENS, Individual; DENAE L.
REEVES, Individual; ALEJANDRO
SANTOYO, Individual; CAPSTONE
BEHAVIORAL HEALTH, CHI HEALTH
IMMANUEL, ALYSSA S. DUIS, Individual;
THOMAS MCCRIGHT, Individual; and
SHERYL MCCRIGHT, Individual,

Defendants.

8:24CV385

MEMORANDUM AND ORDER ON THE
MOVING DEFENDANTS' MOTIONS TO
DISMISS
AND
PLAINTIFF'S MOTIONS FOR DEFAULT
JUDGMENTS
AND
THE STATE DEFENDANTS' MOTION
TO QUASH SERVICE OF PROCESS

Plaintiff Nicholas McCright brought this action *pro se* on October 1, 2024, against eleven individuals and two healthcare entities alleging claims against all or some of them for violations of constitutional rights, conspiracy to violate constitutional rights, vindictive prosecution, deceit or collusion, and discrimination based on race and/or gender. Filing 1. Ten of the defendants, including both healthcare entities, were purportedly served with summonses on October 3, 2024. Filing 13; Filing 14; Filing 15. Six of those defendants, including both healthcare entities, have moved to dismiss the claims against them pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state claims upon which relief can be granted. Filing 9;[1] Filing 16;[2] Filing 19; Filing 20.[3]

---

[1] Defendant Madson's Motion to Dismiss is also pursuant to Federal Rule of Civil Procedure 12(b)(1). Filing 9.

[2] Defendants Capstone Behavioral Health and Alejandra Santoyo also seek a more definite statement pursuant to Federal Rule of Civil Procedure 12(e) in the alternative to dismissal pursuant to Rule 12(b)(6).

[3] Filing 20 is Sheryl McCright's and Thomas McCright's Motion to Dismiss. Filing 21 was also docketed as their Motion to Dismiss but is actually their brief in support. A second copy of their brief was filed at Filing 22.

1

Plaintiff McCright filed Motions for Default Judgment against four individual defendants who had purportedly been served but did not move or plead in response. Filing 23; Filing 24; Filing 25; Filing 26. The four individual defendants who had purportedly been served but did not move or plead in response have filed a Motion to Quash Service of Process. Filing 32. Three individual defendants have never been served. For the reasons stated below, the Motions to Dismiss are granted; the Motions for Default Judgment are denied, and the claims against defendants who have been served but have not responded are dismissed *sua sponte* for failure to state claims on which relief can be granted; and the Motion to Quash Service of Process as to the defendants identified in the Motions for Default Judgment is denied as abandoned for failure to file a supporting brief. Thus, this case remains pending only against the defendants who have not yet been served.

## I.  INTRODUCTION

Although Plaintiff McCright makes numerous legal claims in his Complaint, the Court cannot ascertain what this case is really about. Plaintiff's "Statement of Facts" is a list of claims, some with statements of legal principles with citations but with few or no facts. Filing 1 at 2–4. The Court cannot ascertain what Plaintiff believes Defendants have done to give rise to an actionable claim.

Count I alleges "[v]iolation of 1st amendment right to familial association" against Defendants "Denae Reeves, Jennifer McRae, Mariah McGrone, Jacey Stephens, Sarah Tristan Ventura, Jaime Madson, Alejandro Santora, Alyssa Duis, CHI Health Immanuel, and Capstone Behavioral Health." Filing 1 at 2–3. Count II alleges "[v]iolation of 4th Amendment right to unlawful search and seizure" against Defendants "CHI Health Immanuel, Capstone Behavioral Health, and Noemi Gomez." Filing 1 at 3. Count III alleges "[v]iolation of Plaintiff's 5th Amendment right to remain silent" against Defendant "Sarah Tristan Ventura." Filing 1 at 3. Count IV alleges "[v]iolation of Plaintiff's 14th Amendment right regarding direct care, upbringing and

education for his children" against Defendants "Jacey Stephens, Alyssa Duis, CHI Health Immanuel, Capstone Behavioral Health, and Noemi Gomez." Filing 1 at 3–4.

Count V alleges "[v]indictive prosecution" against Defendants "Denae Reeves and Jennifer McRae," who are identified as "state employees, and attorneys for the NDHHS." Filing 1 at 4. This Count is unlike the preceding claims in that it provides some hint of the factual basis for the claim, as follows:

> Being state employees, and attorneys for the NDHHS, both defendants over-exercised their rights and in turn, violated the Defendant's [sic] rights. They used their authority to get a 'win.' They did so in a vindictive manner, and that is why they are appropriately being alleged of this count.

Filing 1 at 4. Count VI alleges "1983 Civil Conspiracy Claim involving deceit and collusion" against Defendants "Denae Reeves, Jennifer McRae, Mariah McGrone, Jacey Stephens, Sarah Tristan Ventura, Jaime Madson, Alejandro Santora, CHI Health Immanuel, Capstone Behavioral Health, Noemi Gomez, and Sheryl and Thomas McCright." Filing 1 at 4. This Count states, "It is alleged the Defendants[,] who are responsible for this cause of action, colluded with each other in a manner that was deceitful, dishonest, and unfair to the Plaintiff." Filing 1 at 4. Finally, Count VII alleges "[d]iscrimination based on gender, race, status, etc.," against Defendants "Denae Reeves, Jennifer McRae, Mariah McGrone, Jacey Stephens, Jaime Madson, Alejandro Santora, Alyssa Duis, CHI Health Immanuel, Capstone Behavioral Health, and Naomi Gomez." Filing 1 at 4. It states,

> It is clear that the defendants involved in this on-going case have a vendetta against Mr. McCright and have not been afraid to show it. Evidence will prove that statements have been made to clearly identify a level of discrimination appropriate for this cause of action, in addition to the actions the Defendants made as well.

Filing 1 at 4. Plaintiff McCright prays for compensatory damages, punitive damages, injunctive relief "[o]rdering the Defendants to correct the mistakes complained of," and "[a]ny and all other relief deemed necessary and applicable." Filing 1 at 5.

## II. LEGAL ANALYSIS

### A. The Motions to Dismiss

The Court begins its legal analysis with the Motions to Dismiss. The Moving Defendants—Jamie Madson, Capstone Behavioral Health, Alejandra Santoyo, CHI Health Immanuel, Sheryl McCright, and Thomas McCright—all assert that the Complaint fails to state claims upon which relief can be granted. Filing 10 at 2 ("Defendant Madson submits the present Motion to Dismiss because Plaintiff's Complaint clearly has not met the pleading requirement of Fed.R.Civ.P 8(a), which requires a **short and plain** statement of the grounds for the court's jurisdiction, claim for relief and the relief sought. Instead, Plaintiff's Complaint contains legal conclusions, arguments, and legal citations. What the Complaint does not allege are any facts sufficient to survive this Motion to Dismiss." (emphasis in the original)); Filing 17 at 2 ("Plaintiff's Complaint does not set forth a statement of facts providing what conduct of Capstone or Santoyo's allegedly violated Plaintiff's rights. The Plaintiff merely states the right that has been violated and provides case law in support of his constitutional claims."); Filing 18 at 1–2 ("Plaintiff's Complaint lacks any factual allegations and is replete with little more than sweeping legal conclusions and various judicial citations. It contains nothing from which can be discerned an actual legal theory that would entitle Plaintiff to relief from Defendant Immanuel."); Filing 22 at 1 ("[T]he McCright Defendants submit the present Motion to Dismiss Count VI of Plaintiff's Complaint as it clearly fails the pleading requirement of Fed. R. Civ. P. 8(a), which mandate a Complaint contains a **short and plain** statement of the grounds for the court's jurisdiction, and further because the Complaint fails to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6), as Count VI contains mere naked legal conclusions wholly devoid of any factual support." (emphasis in the original)). Plaintiff McCright's Oppositions fail to convince the Court otherwise. *See* Filing 27; Filing 28; Filing 29; Filing 30.

4

Federal Rule of Civil Procedure 12(b)(6) provides for a pre-answer motion to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The typical grounds for Rule 12(b)(6) motions are the insufficiency of the factual allegations offered to state claims. To state a claim, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Nevertheless, "'threadbare recitals of the elements of a cause of action' cannot survive a [Rule 12(b)(6)] motion to dismiss." *Du Bois v. Bd. of Regents of Univ. of Minnesota*, 987 F.3d 1199, 1205 (8th Cir. 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Instead, as the Eighth Circuit Court of Appeals has explained, "A claim survives a Rule 12(b)(6) motion to dismiss only if the complaint's nonconclusory allegations, accepted as true, make it not just 'conceivable' but 'plausible' that the defendant is liable." *Mitchell v. Kirchmeier*, 28 F.4th 888, 895 (8th Cir. 2022) (quoting *Iqbal*, 556 U.S. at 680-83). To put it another way, a court "must determine whether a plaintiff's complaint 'contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Far E. Aluminium Works Co. v. Viracon, Inc.*, 27 F.4th 1361, 1364 (8th Cir. 2022) (quoting *Braden v. WalMart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009)). Thus, "[a] claim is plausible when 'the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Christopherson v. Bushner*, 33 F.4th 495, 499 (8th Cir. 2022) (quoting *Iqbal*, 556 U.S. at 678). In contrast, "'[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility." *Id.* (internal quotation marks and citations omitted). The Eighth Circuit Court of Appeals has cautioned that "the complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible." *Braden*, 588 F.3d at 594.

In ruling on a Rule 12(b)(6) motion, a court must "accept 'the facts alleged in the complaint as true and draw[ ] all reasonable inferences in favor of the nonmovant.'" *Bauer v. AGA Serv. Co.*, 25 F.4th 587, 589 (8th Cir. 2022) (quoting *Pietoso, Inc. v. Republic Servs., Inc.*, 4 F.4th 620, 622 (8th Cir. 2021)). On the other hand, "[m]ere conclusory statements and factual allegations lacking enough specificity to raise a right to relief above the speculative level are insufficient to support a reasonable inference that the defendant is liable." *Richardson v. BNSF Ry. Co.*, 2 F.4th 1063, 1068 (8th Cir. 2021) (internal quotation marks and citations omitted). A court also need not accept a pleader's "legal conclusions drawn from the facts." *Knowles v. TD Ameritrade Holding Corp.*, 2 F.4th 751, 755 (8th Cir. 2021).

None of Plaintiff McCright's claims provide any nonconclusory allegations that can be accepted as true, let alone any nonconclusory allegations that make it not just conceivable but plausible that any Defendant is liable. *Mitchell*, 28 F.4th at 895. Indeed, none of his claims provide any sufficient factual matter that even remotely states a claim for relief that is plausible on its face. *Far E. Aluminium Works Co.*, 27 F.4th at 1364. Even those claims that provide hints of facts are conclusory and so vague that there is no way to determine their plausibility. Count V alleges no facts from which the Court could plausibly infer that the Defendants named "over-exercised their rights and in turn, violated the Defendant's [sic] rights," how "[t]hey used their authority to get a 'win,'" or in what way they acted "in a vindictive manner." Filing 1 at 4. Count VI provides no facts from which the Court could plausibly infer that the Defendants "colluded with each other in a manner that was deceitful, dishonest, and unfair to the Plaintiff." Filing 1 at 4. Similarly, Count VII alleges no facts from which the Court could plausibly infer that "the defendants . . . have a vendetta against Mr. McCright and have not been afraid to show it." Filing 1 at 4. There are also no factual allegations from which the Court could infer that there is any "evidence" that any

"statements have been made" that "clearly identify a level of discrimination appropriate" for liability, let alone what "actions the Defendants made." Filing 1 at 4. There are no allegations of facts that provide any context, identify any actions of any Defendants, or identify any injuries to Plaintiff McCright sufficient to state any claims.

Thus, the Moving Defendants' Motions to Dismiss are granted and all claims against them are dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

### B.  The Motions for Default Judgments

The allegedly defaulting Defendants identified in Plaintiff McCright's Motions for Default Judgment are Jennifer McCrae, Naomi Gomez, Jacey Stephens, and Alyssa S. Duis. Filing 23; Filing 24; Filing 25; Filing 26. These Defendants are also the ones identified in the Motion to Quash Service of Process filed by the Nebraska Attorney General's Office. Filing 32. Thus, the Court will refer to these Defendants as the State Defendants. Plaintiff McCright's Motions for Default Judgments against the State Defendants are both procedurally and substantively deficient.

Federal Rule of Civil Procedure 55(a) provides, "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Entry of default by the Clerk of Court pursuant to Rule 55(a) is the first step in a two-step process for default judgment. *See Westchester Fire Ins. Co. v. Edge Elec.*, LLC, No. 8:22CV170, 2022 WL 4388797, at *1 (D. Neb. Sept. 22, 2022), *on reconsideration in part*, No. 8:22CV170, 2022 WL 16748685 (D. Neb. Nov. 7, 2022) (citing *Inman v. Am. Home Furniture Placement, Inc.*, 120 F.3d 117, 118 n.2 (8th Cir. 1997)). The applicable local rule, NECivR 55.1(a), states the requirements to obtain entry of default by the Clerk. Plaintiff McCright failed to seek entry of default by the Clerk under Rule 55(a) as a prerequisite to entry of default judgment pursuant to Rule 55(b).

Even if Plaintiff McCright had met the prerequisite of obtaining entry of default pursuant to Rule 55(a), his Motions for Default Judgment would be procedurally deficient. Under Rule 55(b) of the Federal Rules of Civil Procedure, a default judgment may be entered either "By the Clerk" or "By the Court." *See* Fed. R. Civ. P. 55(b)(1)-(2). Rule 55(b)(1) sets forth the requirements necessary for the Clerk to enter a default judgment. Fed. R. Civ. P. 55(b)(1). Rule 55(b)(2) sets forth the requirements necessary for the Court to enter a default judgment. Fed. R. Civ. P. 55(b)(2). This Court's local rules similarly distinguish between Clerk-entered default judgments and Court-entered default judgments. *See* NECivR 55.1(b)–(c). Plaintiff McCright's Motions are made pursuant to Fed. R. Civ. P. 55(b)(2) and NECivR 55.1(c) because he specifically discusses entry of default judgment by the Court pursuant to Rule 55(b)(2). *See, e.g.,* Filing 23 at 3. Plaintiff McCright has not met the procedural requirements specified in NECivR 55.1(c) for entry of default by the Court.

As to substantive deficiency, the Eighth Circuit Court of Appeals has explained, "This court has recognized that default judgments are 'not favored by the law and should be a rare judicial act.'" *Belcourt Pub. Sch. Dist. v. Davis*, 786 F.3d 653, 661 (8th Cir. 2015) (quoting *In re Jones Truck Lines, Inc.*, 63 F.3d 685, 688 (8th Cir. 1995)). Instead, "there is a 'judicial preference for adjudication on the merits.'" *Id.* (quoting *Johnson v. Dayton Elec. Mfg. Co*., 140 F.3d 781, 784 (8th Cir. 1998)). "[I]t is incumbent upon the district court to ensure that the unchallenged facts constitute a legitimate cause of action prior to entering final judgment." *Marshall v. Baggett*, 616 F.3d 849, 852–53 (8th Cir. 2010) (internal quotations omitted). For the reasons set out above in § II.A., there are no unchallenged facts alleged in the Complaint that constitute a legitimate cause of action on which final judgment could be entered. *Id.*

Plaintiff McCright's Motions for Default Judgments are denied.

### C. *Sua Sponte* Dismissal of Claims Against the State Defendants

Indeed, the Court concludes that Plaintiff McCright's Complaint falls so far short of stating a claim upon which relief can be granted against any of the State Defendants that the Complaint should be dismissed *sua sponte* as to the State Defendants. The Court would have dismissed the claims against the Moving Defendants *sua sponte* as well, had they not moved for dismissal. The Eighth Circuit Court of Appeals has held "that a district court *sua sponte* may dismiss a complaint under Rule 12(b)(6) as long as the dismissal does not precede service of process." *Buckley v. Ray*, 848 F.3d 855, 867 n.9 (8th Cir. 2017) (quoting *Smith v. Boyd*, 945 F.2d 1041, 1043 (8th Cir. 1991)); *Smithrud v. City of St. Paul*, 746 F.3d 391, 395 (8th Cir. 2014) (stating, "[T]he district court noted . . . it may also *sua sponte* dismiss a case pursuant to Rule 12(b)(6)," and concluding that the district court did not err (citing *Smith*, 945 F.2d at 1042–43)). Furthermore, dismissal *sua sponte* without notice to the plaintiff is not reversible error "when it is patently obvious the plaintiff could not prevail based on the facts alleged in the complaint." *Smith*, 945 F.2d at 1043.

Here, the four State Defendants were purportedly properly served on October 3, 2024. *See* Filing 13 (Stephens, Duis, and Gomez); Filing 14 (McRae). These Defendants are plainly aware of McCright's Complaint because they have filed a Motion to Quash Service of Process. Filing 32. The Motion to Quash Service of Process states that it seeks quashing of service as insufficient in accordance with Neb. Rev. Stat. § 84-203 and pursuant to Federal Rule of Civil Procedure 12(b)(5). Filing 32. However, the Motion does not state in what respect service on the State Defendants was insufficient. Moreover, the Motion is not accompanied by a brief as required by NECivR 7.1(a)(1)(A) for a Motion involving a substantial issue of law, so the Court may—and does—treat that motion as abandoned pursuant to NECivR 7.1(a)(1)(B). Thus, the Court deems the service of process on the State Defendants to be sufficient for purposes of a *sua sponte*

dismissal of the claims against them. *Buckley*, 848 F.3d at 867 n.9 (permitting dismissal *sua sponte* if it does not precede service); *Smithrud*, 746 F.3d at 395 (same); *Smith*, 945 F.2d at 1043 (same). For the reasons stated above concerning the deficiencies of Plaintiff McCright's Complaint to state a claim, it is patently obvious that Plaintiff McCright could not prevail on the claims against the State Defendants based on the facts alleged in his Complaint. *Smith*, 945 F.2d at 1043. Consequently, the Court dismisses all claims against those four Defendants *sua sponte*. *See Buckley*, 848 F.3d at 867 n.9; *Smithrud*, 746 F.3d at 395; *Smith*, 945 F.2d at 1042–43.

However, the Court cannot *sua sponte* dismiss the Complaint as to the three Unserved Defendants—Sarah Ventura Tristan, Mariah McGrone, and Denae L. Reeves—notwithstanding the obvious deficiencies in the Complaint. *See Buckley*, 848 F.3d at 867 n.9 (explaining that dismissal *sua sponte* is only proper after service of process); *Smithrud*, 746 F.3d at 395 (same); *Smith*, 945 F.2d at 1042–43 (same). Thus, this case remains pending against the Unserved Defendants only, but the time to effect service against them pursuant to Federal Rule of Civil Procedure 4(m) continues to run.

### III. CONCLUSION

Upon the foregoing,

IT IS ORDERED that

1.    The Motion to Dismiss at Filing 21 is stricken as it is not a motion but is instead a duplicate of the brief filed at Filing 22;

2.    The Motions to Dismiss by the Moving Defendants, Filing 9; Filing 16; Filing 19; Filing 20, are granted, and all claims against these Defendants are dismissed for failure to state claims upon which relief can be granted.

IT IS FURTHER ORDERED that Plaintiff McCright's Motions for Default Judgments against the State Defendants—Jennifer McCrae, Naomi Gomez, Jacey Stephens, and Alyssa S. Duis—Filing 23; Filing 24; Filing 25; Filing 26, are denied.

FINALLY, IT IS ORDERED that

1.    The State Defendants' Motion to Quash Service of Process, Filing 32, is denied as abandoned because the State Defendants failed to file a brief in support of the Motion as required by NECivR 7.1(a)(1); and

2.    All claims against the State Defendants are dismissed *sua sponte* for failure to state claims upon which relief can be granted.

Thus, this case remains pending only against the Unserved Defendants, Sarah Ventura Tristan, Mariah McGrone, and Denae L. Reeves.

Dated this 22nd day of November, 2024.

BY THE COURT:

Brian C. Buescher
United States District Judge

11